JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JOHN S. MOST
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-616-3353 ‖ 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Center for Biological Diversity, Sierra Club, and WildEarth Guardians,<br><br>    Plaintiffs,<br><br>vs.<br><br>Raymond Suazo, in his official capacity as the State Director, Bureau of Land Management Arizona State Office; David Bernhardt, in his official capacity as Secretary of the Interior; and the Bureau of Land Management,<br><br>    Defendants. | No. 3:19-cv-08204-SPL<br><br><br>**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT** |

Defendants hereby respond to the allegations of the First Amended Complaint, ECF No. 25 ("Complaint"), filed October 1, 2019.  The numbered paragraphs herein correspond to the numbered paragraphs of the Complaint.

*Defendants' Answer to Amended Complaint*

1

1.    The allegations of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, the allegations are denied.

2.    The allegations of the first sentence of this paragraph are vague – due to the fact that Plaintiffs do not specifically identify or define the oil and gas leases referred to, other than by their own label, "Coconino Aquifer Leases," and by descriptions of the general location of the leases – and on that basis are denied. Based on Defendants' assumption that Plaintiffs are referring to Federal oil and gas leases AZA37565, AZA37569, and AZA37570, Defendants admit that the leased parcels are located near towns, the Navajo Nation, Petrified Forest National Park, the Coconino Aquifer, and the Little Colorado River.  Defendants admit the allegations of the second and third sentences.[1]

3.    The allegations of the first sentence of this paragraph are vague, given use of the undefined term "staggering," and on that basis are denied.  Defendants deny the allegations of the second sentence and admit that development of the three leases just noted is expected to require diversion of some water from local supplies, is expected to produce air and water pollution, subject to controls aimed at minimizing and mitigating such impacts, is expected to impact the landscape and wildlife habitat moderately, subject to eventual site reclamation and

---

[1] In the paragraphs which follow, where the three challenged leases are discussed, Defendants' responses are based on the assumption that Plaintiffs' challenge is directed at lease numbers AZA37565, AZA37569, and AZA37570.

*Defendants' Answer to Amended Complaint*

revegetation, and would involve activities of an industrial nature.   Defendants deny the allegations of the third sentence and admit that development of the three leases is expected to pose a slight risk of toxic spills, of water contamination, and of adverse health effects on nearby residents, and may harm wildlife and the people who use or enjoy the noted parcels.

4.      Defendants deny the allegations of the first and third sentences of this paragraph.  The allegations of the second sentence purport to characterize a final environmental impact statement ("Final EIS") relied on by Defendants in authorizing the offering for sale of the three leases, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that environmental analysis are denied.  The allegations of the fourth sentence constitute additional characterization of Plaintiffs' case, to which no response is required.  To the extent a response is required, the allegations are denied.

5.      The allegations of this paragraph consist of legal conclusions, to which no response is required.

6.      The allegations of this paragraph consist of legal conclusions, to which no response is required.

7.      The allegations of this paragraph consist of legal conclusions, to which no response is required.

*Defendants' Answer to Amended Complaint*

3

8.      The allegations of this paragraph consist of legal conclusions, to which no response is required.

9.      Defendants admit the allegations of the first sentence of this paragraph. With respect to subparagraph 9(A), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first five sentences and on that basis deny them. The allegations of the sixth sentence of subparagraph A constitute additional characterization of Plaintiffs' case, to which no response is required. To the extent a response is required, the allegations are denied. With respect to subparagraph 9(B), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first three sentences and on that basis deny them. The allegations of the fourth sentence of subparagraph B are vague, given use of the imprecise term "threatened," and on that basis are denied. With respect to subparagraph 9(C), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

10.     Defendants admit that Plaintiffs protested the September 2018 oil and gas lease sale challenged in this case on behalf of their members and supporters; however, with respect to the remaining allegations of this paragraph, they lack knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

11.     The allegations of the first sentence of this paragraph consist of legal conclusions, to which no response is required.  Defendants deny the allegations of the second sentence and admit that, if lessees holding the three leases submit and obtain approval of applications for permits to drill ("APDs"), such approval would allow construction and operation of oil and gas wells that may modestly degrade the resources identified by Plaintiffs.  The allegations of the third sentence consist of legal conclusions, to which no response is required.

12.     The allegations of the first and third sentences of this paragraph consist of legal conclusions, to which no response is required.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence and on that basis deny them.

13.     With respect to the allegations of the first sentence of this paragraph, Defendants admit that Raymond Suazo is the State Director of the Arizona State Office of the Bureau of Land Management ("BLM"); the remaining allegations of this sentence constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants admit the allegations of the second sentence.

14.     With respect to the allegations of the first sentence of this paragraph, Defendants admit that David Bernhardt is the Secretary of the Interior; the remaining allegations of this sentence constitute Plaintiffs' characterization of

*Defendants' Answer to Amended Complaint*

5

their case, to which no response is required.  The allegations of the second sentence consist of legal conclusions to which no response is required.

15.     Defendants admit the allegations of this paragraph.

16.     The allegations of this paragraph purport to characterize a regulation implementing the National Environmental Policy Act ("NEPA") and NEPA case law, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

17.     The allegations of this paragraph purport to characterize a provision of NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

18.     The allegations of this paragraph purport to characterize regulations implementing NEPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of those regulations are denied.

19.     The allegations of this paragraph purport to characterize regulations implementing NEPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

20.     The allegations of this paragraph purport to characterize a regulation implementing NEPA, which speaks for itself and provides the best evidence of its

*Defendants' Answer to Amended Complaint*

6

contents.  Any allegations contrary to its plain language, meaning, and context are denied.

21.     The allegations of this paragraph purport to characterize a regulation implementing NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

22.     The allegations of this paragraph purport to characterize regulations implementing NEPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

23.     The allegations of this paragraph purport to characterize an unspecified provision of NEPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

24.     The allegations of this paragraph consist of legal conclusions, to which no response is required.

25.     The allegations of this paragraph purport to characterize provisions of National Historic Preservation Act ("NHPA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of those provisions are denied.

*Defendants' Answer to Amended Complaint*

26.     The allegations of this paragraph purport to characterize provisions of NHPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

27.     The allegations of this paragraph purport to characterize regulations implementing NHPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

28.     The allegations of this paragraph purport to characterize regulations implementing NHPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

29.     The allegations of this paragraph purport to characterize a regulation implementing NHPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

30.     The allegations of the first sentence of this paragraph purport to characterize a regulation implementing NHPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Defendants admit the allegations of the second sentence.

31.     The allegations of the first sentence of this paragraph purport to characterize a provision of the NHPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Defendants admit the allegations of the second sentence.

32.     The allegations of this paragraph purport to characterize a provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531(b), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

33.     The allegations of this paragraph purport to characterize provisions of the ESA, 16 U.S.C. §§ 1532(5) and 1533(a)(3), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

34.     The allegations of this paragraph purport to characterize a provision of the ESA, 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

35.     The allegations of this paragraph purport to characterize provisions of the ESA, 16 U.S.C. §§ 1536(a)(2) and -(c)(1), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

36.     The allegations of the first and second sentences of this paragraph purport to characterize regulations of the ESA, 50 C.F.R. §§ 402.12, 402.13(a), 402.14(b), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations of the third sentence purport to characterize a provision of the ESA as well as an ESA regulation, 16 U.S.C. § 1536(b)(3)(A) and 50 C.F.R. § 402.14(g)(5), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

37.     The allegations of this paragraph purport to characterize the Mineral Leasing Act ("MLA"), 30 U.S.C. §§ 181-287, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

38.     The allegations of this paragraph purport to characterize the MLA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

39.     The allegations of the first sentence of this paragraph purport to characterize a provision of the Federal Land Management and Policy Act ("FLPMA"), 43 U.S.C. § 1712, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Defendants admit the allegations of the second and third sentences.

*Defendants' Answer to Amended Complaint*

10

The allegations of the fourth sentence purport to characterize one of FLPMA's implementing regulations, 43 C.F.R. § 1601.0-6, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

40.     Defendants deny the allegations of the first sentence of this paragraph and admit that oil and gas operators nominate parcels of public land – for offering at competitive lease sales – through submission of expressions of interest. Defendants admit the allegations of the second sentence.  The allegations of the third sentence purport to characterize one of FLPMA's implementing regulations, 43 C.F.R. § 3103.1-3, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

41.     The allegations of this paragraph purport to characterize the MLA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

42.     The allegations of this paragraph purport to characterize various regulations implementing the MLA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary their plain language, meaning, and context are denied.

43.     The allegations of the first sentence of this paragraph purport to characterize one of the MLA's implementing regulations, 43 C.F.R. § 3101.1-2,

which speaks for itself and is the best evidence of its contents.  Any allegations

contrary its plain language, meaning, and context are denied.  The allegations of

the second sentence consist of legal conclusions, to which no response is required.

44.     The allegations of this paragraph purport to characterize one of the MLA's

implementing regulations, 43 C.F.R. § 3162.3-1(c), which speaks for itself and is

the best evidence of its contents.  Any allegations contrary its plain language,

meaning, and context are denied.

45.     The allegations of this paragraph purport to characterize a provision of the

MLA, which speaks for itself and is the best evidence of its contents.  Any

allegations contrary to its plain language, meaning, and context are denied.

46.     The allegations of this paragraph purport to characterize a provision of

FLPMA, 43 U.S.C. § 1701(a)(8), which speaks for itself and is the best evidence

of its contents.  Any allegations contrary to its plain language, meaning, and

context are denied.

47.     The allegations of this paragraph purport to characterize provisions of

FLPMA and one of its implementing regulations, which speak for themselves and

are the best evidence of their contents.  Any allegations contrary to their plain

language, meaning, and context are denied.

48.     The allegations of this paragraph purport to characterize provisions of the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, which speak for

themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

49.    The allegations of this paragraph purport to characterize provisions of the APA, 5 U.S.C. §§ 706(2)(A), -(2)(D), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

50.    Defendants admit the allegations of the first sentence of this paragraph. The allegations of the second sentence are vague, given use of the undefined term "area," and on that basis are denied.  Defendants aver that Apache and Navajo counties fall within the Holbrook Basin and the Little Colorado River Valley along the southern edge of the Colorado Plateau and north of the Mogollon Rim.

51.    Defendants deny the allegations of this paragraph and admit that the approximate locations of the leased parcels at issue in this case are depicted in red on the map itself, as distinguished from the map's legend.

52.    The allegations of the first sentence of this paragraph are vague, given use of the undefined term "area," and on that basis are denied.  Defendants deny the allegations of the second and third sentences and admit that that the lease parcels sit at high elevations, consist of mostly vacant land with a semi-arid climate, feature desert grasslands, sagebrush, and pinyon-jupiter vegetation communities, and experience annual precipitation of  about twelve inches.

53.     The allegations of this paragraph are vague, given use of the undefined term "area," and on that basis are denied.  Defendants aver that the lease parcels are rural and are located within a mix of BLM, state trust, National Park Service, private, and Indian lands.  The Navajo Nation's and the Hopi Tribe's reservations are located directly north of the Apache County parcel while White Mountain Apache Tribe's reservation is located to the south of the Navajo County parcels.

54.     Defendants admit the allegations of this paragraph.

55.     Defendants admit the allegations of the first sentence of this paragraph. Defendants admit that the Little Colorado River cuts across three of the Navajo County tracts, and the confluence of Silver Creek with the Little Colorado River is in the westernmost tract of Navajo County parcel x3856.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence and on that basis deny them.

56.     Defendants admit the allegations of this paragraph.

57.     Defendants admit the allegations of the first, second and third sentences of this paragraph.  The allegations of the fourth sentence purport to characterize a National Park Service report, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

58.     With respect to the allegations of the first sentence, Defendants admit that the Coconino aquifer underlies the lease parcels and most of the Colorado Plateau

*Defendants' Answer to Amended Complaint*

14

but they lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this sentence and on that basis deny them. Defendants admit the allegations of the second sentence.

59.     Defendants admit the allegations of the first sentence of this paragraph. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence and on that basis deny them.

60.     Defendants admit the allegations of this paragraph.

61.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first through fourth and sixth sentences of this paragraph and on that basis deny them.  The allegations of the fifth sentence purport to characterize National Park Service statements, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

62.     Defendants admit the allegations of the first sentence.  The allegations of the second sentence are vague and speculative and on that basis are denied.

63.     Defendants admit the allegations of the first sentence of this paragraph. The allegations of the second sentence are vague, given use of the undefined term "area," and on that basis are denied.

64.     The allegations of this paragraph are vague, given use of the terms "area," "coyotes," and "several bird species," and on that basis are denied.

65.     Defendants deny the allegations of the first sentence of this paragraph and admit that the Petrified Forest National Park is located approximately five miles east of the Apache County parcel.  Defendants admit the allegations of the second, third, and fourth sentences.

66.     Defendants admit the allegations of the first, second, and third sentence of this paragraph.  The allegations of the fourth and fifth sentences are vague and speculative and on that basis are denied.

67.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentence of this paragraph and on that basis deny them.  The allegations of the third sentence purport to characterize National Park Service reports, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the National Park Service statements are denied.

68.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph and on that basis deny them.  Defendants admit the allegations of the second sentence.

69.     The allegations of this paragraph are vague, given use of the undefined phrase "other public lands near the parcels," and on that basis are denied. Defendants aver that Apache and Navajo counties contain other public lands on which the public engages in recreational activities that fall within the Arizona

Game and Fish Department's Game Management Units 2A and 3A, and that livestock grazing takes place on certain BLM-managed lands near the lease parcels.

70.     The allegations of this paragraph are vague, given the use of the undefined term "region," and on that basis are denied.  Defendants aver that Navajo and Apache Counties contain other historical properties, some of which may be National Register-eligible, including the Woodruff Snowflake Bridge.

71.     The allegations of this paragraph are vague, given use of the imprecise term "threatened," and on that basis are denied.

72.     Defendants admit the allegations of this paragraph.

73.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

74.     Defendants deny the allegations of this paragraph and aver that hydraulic fracturing has been used by the oil and gas industry since the 1950s to stimulate production from oil and gas wells and acidizing is a very old process used to improve well productivity.  Defendants further aver that in recent years, public awareness of the use of hydraulic fracturing practices has grown and new horizontal drilling technology has allowed increased access to oil and gas resources, sometimes in areas that have not experienced significant oil and gas development.

75.     Defendants admit the allegations of this paragraph.

*Defendants' Answer to Amended Complaint*

17

76.    Defendants deny the allegations of the first sentence of this paragraph and aver that acidizing is a well stimulation technique.  Defendants admit the allegations of the second sentence.

77.    With respect to the allegations of the first sentence, Defendants deny that hydraulic fracturing and acidizing are unconventional techniques.  Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of the first sentence and as to the allegations the second sentence and on that basis deny them.

78.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and third sentences of this paragraph and on that basis deny them.  Defendants admit the allegations of the second sentence. The allegations of the fourth and fifth sentence purport to characterize provisions of the MLA and cited regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

79.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph and on that basis deny them.  The allegations of the second sentence purport to characterize statements made by the CEO of Desert Mountain Energy, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the CEO's statements are

denied.  The allegations of the third and fourth sentences purport to characterize statements made by Desert Mountain Energy, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the company's statements are denied.

80.     Defendants admit the allegations of this paragraph.

81.     Defendants admit the allegations of this paragraph.

82.     The allegations of this paragraph purport to characterize the 1988 Phoenix District RMP ("RMP"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

83.     The allegations of this paragraph purport to characterize the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

84.     The allegations of this paragraph purport to characterize the Final EIS supporting the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

85.     The allegations of this paragraph purport to characterize the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

86.     The allegations of this paragraph purport to characterize the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

87.     The allegations of this paragraph purport to characterize the record of decision ("ROD") adopting the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

88.     Defendants admit the allegations of this paragraph.

89.     Defendants admit that BLM prepared two Determinations of NEPA Adequacy (DNAs).  The remaining allegations of this paragraph purport to characterize the DNAs, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the DNAs are denied.

90.     The allegations of this paragraph purport to characterize the DNA for the Apache County lease, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

91.     The allegations of this paragraph purport to characterize the DNA for the Apache County lease, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

92.     The allegations of this paragraph purport to characterize the DNA for the Apache County lease, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

93.     The allegations of this paragraph purport to characterize the DNA for the Apache County lease, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

94.     The allegations of this paragraph purport to characterize the DNA for the Navajo County leases, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

95.     The allegations of this paragraph purport to characterize the DNA for the Navajo County leases, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

96.     The allegations of this paragraph purport to characterize the DNAs for the three leases at issue in this case, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

97.    The allegations of this paragraph purport to characterize a June 15, 2018, letter from Representative Tom O'Halleran to BLM, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

98.    The allegations of this paragraph purport to characterize a July 2, 2018, letter from Plaintiffs and other parties to BLM, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

99.    Defendants admit that on July 23, 2018, BLM issued a Notice of Competitive Oil and Gas Internet-Based Lease Sale (Lease Sale Notice).  The remaining allegations of this paragraph purport to characterize the Lease Sale Notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

100.    The allegations of this paragraph purport to characterize the Lease Sale Notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

101.    Defendants admit the allegations of this paragraph.

102.    Defendants admit the allegations of this paragraph.

103.    Defendants deny the allegations of the first sentence of this paragraph and admit that BLM denied the protests and held a competitive oil and gas lease sale on September 6, 2018.  Defendants deny the allegations of the second sentence

*Defendants' Answer to Amended Complaint*

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

and admit that BLM received total receipts of $10,960.00 for two of the three parcels totaling 3,040 acres.  Defendants aver that protesters were notified within 60 days after the sale and that the protested leases were not issued until protests were denied.

104.    The allegations of this paragraph purport to characterize a September 7, 2018, letter from Representative Tom O'Halleran to BLM (September 7 Letter), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

105.    Defendants admit the allegations of this paragraph.

106.    Defendants admit the allegations of the first and second sentences of this paragraph.  The allegations of the third sentence purport to characterize the State Director's Decision denying the protest, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

107.    Defendants deny the allegations of the first sentence of this paragraph and aver that, in approving the offering of the leases for sale, they relied upon the RMP, the Final EIS, and the ROD.  Defendants deny the allegations of the second sentence and admit that they executed DNAs based on their determination that the RMP and Final EIS, as well as BLM Instruction Memorandum 2018-034, would require additional site-specific environmental analysis should exploration and development of leasable resources, either together or separately, be pursued.

*Defendants' Answer to Amended Complaint*

23

108.    The allegations of this paragraph purport to characterize the three leases at issue in this case, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

109.    The allegations of this paragraph purport to characterize the three leases at issue in this case, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

110.    Defendants deny the allegations of this paragraph.

111.    Defendants deny the allegations of the first sentence of this paragraph and admit that some aspects of oil and gas development require the construction of wells and drilling pads that disturb, or require clearing of, vegetation.  Defendants deny the allegations of the second sentence and admit that sometimes roads, pipelines, and powerlines may be constructed and maintained to access development sites.  Defendants admit the allegations of the third sentence. Defendants deny the allegations of the fourth sentence and admit that production may create wastewater that is sometimes stored in reserve pits on site and then disposed of in evaporation ponds or injected back into the ground.  Defendants deny the allegations of the fifth sentence and admit that development of an oil and gas lease may sometimes generate truck traffic to move and haul people, rigs, fracking chemicals, water tanks, and other equipment.

*Defendants' Answer to Amended Complaint*

112.    Defendants deny the allegations of the first sentence of this paragraph and admit that some aspects of oil and gas development can impact local communities and wildlife.  Defendants deny the allegations of the second sentence and admit that some aspects of oil and gas development can require clearing of natural vegetation and can cause habitat loss or fragmentation, soil erosion and sedimentation, and loss of other ecological values.  Defendants deny the allegations of the third sentence and admit that the presence of some industrial facilities may impact some individuals' opportunities for recreational and aesthetic enjoyment of a landscape.  Defendants admit the allegations of the fourth sentence.  Defendants deny the allegations of the fifth sentence and admit that some industrial noise associated with construction, drilling operations, and associated traffic sometimes may have an impact on natural sounds.

113.    Defendants deny the allegations of the first sentence of this paragraph and admit that water quantity and quality may potentially be an issue in some instances in the oil gas and development process.  Defendants deny the allegations of the second sentence.  Defendants deny the allegations of the third sentence and admit that the production techniques may generate pollutants and wastewater that can contaminate water supplies if there is a surface spill or migration of injection liquids into groundwater.

*Defendants' Answer to Amended Complaint*

114.    Defendants deny the allegations of the first sentence of this paragraph. Defendants admit the allegations of the allegations of the second, third, and fourth sentences.

115.    Defendants deny the allegations of the first sentence of this paragraph and aver that the four activities identified by Plaintiffs release greenhouse gases.  The allegations of the second sentence purport to characterize BLM statements, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations of the third sentence of this paragraph are vague and speculative and on that basis are denied.

116.    The allegations of the first sentence of this paragraph are vague, given use of the imprecise term "threatens," and on that basis are denied.  Defendants admit the allegations of the second sentence.

117.    Defendants deny the allegations of the first sentence of this paragraph. Defendants admit that the International Dark Sky Park status is reserved for parks with well-preserved night sky resources and deny the remaining allegations of the second sentence.  Further, Defendants aver that, at the leasing stage in the oil and gas development process, before any ground disturbing action has been proposed, the extent of potential impacts of the leases are unknown and further that BLM would expect to undertake efforts at the permitting stage to minimize and mitigate any potential impacts.  The allegations of the third sentence purports to

*Defendants' Answer to Amended Complaint*

characterize National Park Service statements, which speak for themselves and remain the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations of the fourth sentence are vague and speculative and on that basis are denied.

118.    The allegations of the first sentence of this paragraph are vague and speculative and on that basis are denied.  Defendants deny the allegations of the second sentence and admit that construction and operation of wells may destroy or fragment habitat or impede migratory pathways, and aver that they would expect to undertake efforts at the permitting stage to minimize and mitigate these impacts.

119.    Defendants admit that BLM is aware of potential environmental impacts and has analyzed and disclosed these impacts when conducting environmental assessments at the appropriate stage for leases on public land.

120.     Defendants deny the allegations of this paragraph, aver that BLM did not prepare a NEPA analysis specific to the lease sale in September 2018, and admit that BLM did not include stipulations or mitigation measures in the leases based on site-specific analysis.

121.    Defendants admit the allegations of this paragraph.

122.    The allegations of this paragraph purport to characterize provisions of the ESA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

123.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph and on that basis deny them.  Defendants deny the allegations of the second sentence and aver that, to the extent the three leases contain suitable habitat, oil and gas development has the potential to disturb that habitat, and further that they would expect to undertake efforts at the permitting stage to minimize and mitigate these impacts.

124.    Defendants admit the allegations of this paragraph.

125.    Defendants admit the allegations of this paragraph and aver that a DNA-authorized lease sale conveys rights, but not permission, to develop wells within the leased parcels.  As stated in the DNAs, a prospective proponent's project would be subject to further environmental analysis following submission of an APD.  If ground-disturbing action is proposed, BLM would analyze proposed activities and develop additional site-specific stipulations and conditions in consultation with the Fish and Wildlife Service.

126.    The allegations of this paragraph purport to characterize the three leases, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

127.    The allegations of this paragraph purport to characterize the 1998 Biological Opinion, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

*Defendants' Answer to Amended Complaint*

128.    Defendants admit that new information has arisen since 1998 that was not addressed by the RMP consultation.  The remaining allegations of the first sentence of this paragraph are vague and speculative and on that basis are denied. Defendants admit the allegations of the second sentence.

129.    Defendants admit the allegations of this paragraph.

130.    The responses to Paragraphs 1 through 129 are incorporated here by reference.

131.    The allegations of this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

132.    The allegations of this paragraph consist of legal conclusions, to which no response is required.

133.    The allegations of this paragraph consist of legal conclusions, to which no response is required.

134.    Defendants deny the allegations of this paragraph.

135.    Defendants deny the allegations of the first sentence of this paragraph.  The allegations of the second and third sentences purport to characterize two DNAs prepared by BLM in 2018 and the Final EIS, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

136.    The allegations of the first sentence of this paragraph purport to characterize the noted DNAs, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations of the second sentence consist of legal conclusions, to which no response is required

137.    Defendants deny the allegations of this paragraph.

138.    Defendants deny the allegations of this paragraph.

139.    The responses to Paragraphs 1 through 138 are incorporated here by reference.

140.    The allegations of this paragraph purport to characterize Section 106 of the NHPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

141.    The allegations of this paragraph consist of legal conclusions, to which no response is required.

142.    Defendants deny the allegations of this paragraph.

143.    Defendants deny the allegations of this paragraph.

144.    Defendants deny the allegations of this paragraph.

145.    The responses to Paragraphs 1 through 144 are incorporated here by reference.

146.    The allegations of this paragraph purport to characterize FLPMA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied

147.    The allegations of this paragraph purport to characterize the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

148.    The allegations of this paragraph purport to characterize the RMP, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

149.    Defendants admit the allegations of the first sentence of this paragraph and aver that consideration of the factors noted by Plaintiffs would be expected to occur at the permitting stage of oil and gas development.  Defendants deny the allegations of the second sentence.

150.    Defendants deny the allegations of this paragraph.

151.    Defendants deny the allegations of this paragraph.

152.    The responses to Paragraphs 1 through 151 are incorporated here by reference.

153.    The allegations in this paragraph purport to characterize both a provision of the ESA itself and an ESA regulation, 16 U.S.C. § 1536(a)(2) and 50 C.F.R. §

402.14(a), which speak for themselves and are the best evidence of their contents.

Any allegations contrary to their plain language, meaning, and context are denied.

154.   Defendants deny the allegations of this paragraph.

155.   Defendants deny the allegations of this paragraph.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.  The Court may lack subject matter jurisdiction over Plaintiffs' claim.

2.  Plaintiffs may lack standing.

3.  Plaintiffs fail to state a claim upon which relief may be granted.

Dated: October 21, 2019            Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

 /s/ John S. Most
JOHN S. MOST, Trial Attorney

*Defendants' Answer to Amended Complaint*

32

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Defendants*